O

1  Ronald J. Tenpas
   Assistant Attorney General
2  Environment & Natural Resources Division
   United States Department of Justice

3

4  Christy King-Gilmore
   Wisconsin Bar No. 1038373
   E-mail:  Christy.King-Gilmore@usdoj.gov
5  Kate Konschnik
   California Bar No. 223673
6  E-mail:  Kate.Konschnik@usdoj.gov
   Environmental Enforcement Section
7  Environment & Natural Resources Division   NOTE CHANGES MADE BY THE COURT
   United States Department of Justice
8  P.O. Box 7611
   Washington, DC 20044
9  Telephone:   (202) 305-0312
   Facsimile:   (202) 514-2583

10

11 (See next page for additional counsel)

12

13              **IN THE UNITED STATES DISTRICT COURT**

14           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

15                        **WESTERN DIVISION**

16 UNITED STATES OF AMERICA,        )   CASE NO. ED CV 07-00223-GW
                                     )   (JCRx)
17              Plaintiff,           )   Amended
                                     )   **STIPULATED PROTECTIVE**
18        v.                         )   **ORDER REGARDING**
                                     )   **CONFIDENTIAL**
19 CEMEX CALIFORNIA CEMENT, LLC,     )   **INFORMATION**
                                     )
20              Defendant.           )
                                     )
21 _____ )

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

1  Thomas P. O'Brien
   United States Attorney
2  Central District of California
   Monica L. Miller (CA Bar No. 157695)
3  E-mail:  Monica.Miller@usdoj.gov
   Assistant United States Attorney
4  300 North Los Angeles Street
   Room 7516
5  Los Angeles, CA 90012
   Telephone:  (213) 894-4061
6  Facsimile:  (213) 894-7819

7  Attorneys for the United States of America

8

9  Steven P. Rice (CA Bar No. 094321)
   srice@crowell.com
   Julie A. Harris (CA Bar No. 238672)
10 julieharris@crowell.com
   Derek A. Hahn (CA Bar No. 238670)
11 dhahn@crowell.com
   CROWELL & MORING LLP
12 3 Park Plaza, 20th Floor
   Irvine, CA 92614-8505
13 Telephone:  (949) 263-8400
   Facsimile:  (949) 263-8414
14
   Chet M. Thompson (Admitted *pro hac vice*)
15 cthompson@crowell.com
   CROWELL & MORING LLP
16 1001 Pennsylvania Ave, NW
   Washington, DC 20004
17 Telephone:  (202) 624-2500
   Facsimile:  (202) 628-5116
18
   Attorneys for Defendant
19 CEMEX California Cement, LLC

20    It is hereby Ordered that this Stipulated Protective Order Regarding

21 Confidential Information ("Protective Order") shall apply with respect to certain

22 documents and other information produced and/or disclosed in connection with the

23 above-captioned action (the "Action").

24        1.        Entry of this Protective Order is appropriate because CEMEX

25 California Cement, LLC ("CEMEX") contends that information and documents

26 relevant to the allegations and defenses in this matter contain sensitive business

27 and other confidential and proprietary information.  This Protective Order is also

28 appropriate to protect confidential and proprietary information that may be present

*Handwritten annotation:* JR

*Handwritten annotation (with asterisk mark):* All terms and conditions set forth herein are expressly limited to the discovery phase of this litigation, as the Magistrate Judge's authority is limited to this phase of the litigation. Additionally, the terms and conditions set forth below do not attempt to bind or limit the District Judge as to what material is discoverable during the pre-trial, trial and post-trial phases of this litigation.

2

1    in discovery sought from non-Parties or the United States.  Under this Protective

2    Order, the United States and CEMEX (hereinafter referred to collectively as

3    "Parties") may seek documents and information from non-Parties that such non-

4    Parties consider confidential, and the Parties intend for such non-Party confidential

5    information to be disclosed under the terms of this Protective Order.

6          The terms of the Protective Order shall also apply to documents produced by

7    the Parties or non-Parties that they consider confidential.

8          2.     The procedures described herein shall be adopted with respect to

9    certain documents and other information produced and/or disclosed in this *the discovery phase* Action.

10   Except to the extent required by law (including, but not limited to the Freedom of

11   Information Act ("FOIA") and applicable federal agency regulations implementing

12   FOIA), this Protective Order shall apply to all Discovery Material (as defined in

13   Paragraph 3, below) that is "Confidential Information" (as defined in Paragraph 4,

14   below) and that any Party or non-Party marks as "CONFIDENTIAL - SUBJECT

15   TO PROTECTIVE ORDER" or "CONFIDENTIAL BUSINESS

16   INFORMATION" in accordance with this Protective Order.   A Party or non-Party

17   making such designation in accordance with this Protective Order is hereinafter

18   referred to as a "Designator" or a "Designating Party."  A Party or non-Party who

19   receives any Confidential Information is hereinafter referred to as a "Receiving

20   Party."

21         3.     For the purpose of this Protective Order, "Discovery Material" shall

22   mean all documents (regardless of the medium or manner generated, stored, or

23   maintained), deposition testimony, tangible things or other information produced,

24   subpoenaed, transcribed from depositions, or otherwise given to any Party in this

25   Action by another Party or by a non-Party in connection with discovery *phase of the case* (whether

26   in the form of deposition transcripts, interrogatory answers, document productions,

27   responses to requests  for admissions or other discovery).  Discovery Material shall

28   also include any documents, things or information produced voluntarily or by

1    agreement without the receipt of a formal discovery request. *during the discovery phase of this case.*

2         4.    For purposes of this Protective Order, the term "Confidential

3    Information" means Discovery Material which is marked as "CONFIDENTIAL -

4    SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL BUSINESS

5    INFORMATION" in accordance with Paragraph 8 or 9, and which contains

6    confidential business or trade secret information entitled to confidential treatment

7    pursuant to Fed. R. Civ. P. 26(c)(1), 40 C.F.R. Part 2, Subpart B, 18 U.S.C. § 1905,

8    or any other statute, regulation, applicable court order or rule, or common law rule

9    restricting disclosure.  No Confidential Information or any copy, excerpt, or

10   summary thereof, or the information contained therein, shall be delivered or

11   disclosed to any person except as provided herein.

12        5.    If any non-Party receives a request or subpoena seeking documents or

13   tangible things and the requested documents or tangible things contain

14   Confidential Information, then the non-Party may designate such material as

15   confidential in accordance with Paragraph 8.  Non-Party Confidential Information

16   designated as such, or any copy, excerpt, or summary thereof, or the information

17   contained therein, shall be subject to all of the conditions and limitations set forth

18   in this Protective Order.  Any non-Party that desires to protect its claim of

19   confidentiality by adhering to these procedures submits to the jurisdiction of this

20   Court with regard to any proceedings related to the non-Party's claim of

21   confidentiality and bears the burden of establishing its claim to confidentiality in

22   such proceedings.

23        6.    No Confidential Information, or any copy, excerpts or summary

24   thereof, or the information contained therein, shall (a) be used for any business,

25   commercial, competitive, personal, or other non-regulatory or non-enforcement

26   purposes; or (b) be disclosed by the person receiving it to any other person without

27   the prior written consent of the Designator or an order of the Court, except to the

28   following:

i.     Counsel for the Parties;

ii.    Counsel's employees;

iii.   Parties and employees of the Parties;

iv.    Litigation consultants and contractors, and persons designated as expert witnesses;

v.     This Court and its employees, including, without limitation, court reporters, employees in the Clerk's Office, and law clerks, provided that the Confidential Information is filed in accordance with the terms of this Protective Order;

vi.    Stenographers, videographers, or other persons preparing transcripts of testimony;

vii.   Witnesses or potential witnesses not otherwise included under clause 6.iii; and

viii.  Temporary and permanent law clerks, non-employee paralegals and clerical personnel retained by Counsel for either Party, and outside vendors, including their employees, retained by Counsel for either Party to provide copying, data entry, data processing, or computer imaging, and similar clerical support services, provided that each person in this subparagraph is otherwise legally bound to treat the Confidential Information with a level of confidentiality that is substantially similar to that required under this Protective Order.

7.     With the exception of those persons designated in clauses 6.i, 6.ii, 6.iii, 6.v, 6.vi, and 6.viii of Paragraph 6, no Confidential Information, or any copy, excerpt, or summary thereof, or the information contained therein, received from a Party or non-Party, shall be disclosed to any person unless (a) such person has been provided with a copy of this Protective Order, and (b) such person has agreed to be bound thereto and executed the agreement attached hereto as Exhibit A.

Persons indicated on the face of Confidential Information as having been the authors or recipients of such documents need not execute Exhibit A before being

1  provided access to such information.  Counsel for each Party shall obtain and

2  retain executed copies of the agreements attached as Exhibit A from each person,

3  other than persons designated in clauses 6.i, 6.ii, 6.iii, 6.v, 6.vi, and 6.viii of

4  Paragraph 6, to whom it discloses or has disclosed any Confidential Information

5  other than its own Confidential Information.

6       With respect to any Discovery Material designated as Confidential

7  Information by a Party prior to the execution and issuance of this Protective Order

8  by the Court, each Party shall be obligated to follow the provisions of this

9  Protective Order with respect to such Confidential Information, including

10  obtaining and retaining executed copies of the agreements attached as Exhibit A

11  from each person, other than persons designated in clauses 6.i, 6.ii, 6.iii, 6.v, 6.vi,

12  and 6.viii of Paragraph 6, to whom it disclosed any Confidential Information other

13  than its own Confidential Information.

14       If any Party:  (1) has disclosed or is aware of any disclosure of Confidential

15  Information to any person not listed in Paragraph 6; or (2) is unable to obtain an

16  executed copy of Exhibit A from any person to whom it disclosed Confidential

17  Information prior to the execution and issuance of this Protective Order by the

18  Court, other than persons designated in clauses 6.i, 6.ii, 6.iii, 6.v, 6.vi, and 6.viii of

19  Paragraph 6, such Party shall immediately:  (1) notify the Designator in writing of

20  such disclosure; (2) use their best efforts to recover any Confidential Information

21  provided to such person; and (3) continue to use their best efforts to obtain and

22  retain executed copies of the agreements attached as Exhibit A.

23      8.    Any Discovery Material considered by a Party or non-Party to be

24  confidential or to contain Confidential Information shall be marked

25  "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or

26  "CONFIDENTIAL BUSINESS INFORMATION" in a readily visible or

27  noticeable manner.  In the case of documents, interrogatory responses, and

28  responses to requests for admission, Confidential Information shall be designated

1    by a stamp or designation on each such document or response prior to production

2    or service.  Any Party photocopying or otherwise duplicating Confidential

3    Business Information shall ensure that the "CONFIDENTIAL - SUBJECT TO

4    PROTECTIVE ORDER" or "CONFIDENTIAL BUSINESS INFORMATION"

5    designation appears clearly on any such copies or duplicates it makes.

6         9.    Whenever Confidential Information is to be referred to or disclosed in

7    a deposition, any Party or non-Party may exclude from the room during such

8    testimony any person who is not authorized to receive Confidential Information

9    under this Protective Order.  Any testimony given in any deposition which

10   constitutes Confidential Information may be designated as "CONFIDENTIAL -

11   SUBJECT TO PROTECTIVE ORDER" by any Party or non-Party by making such

12   designation on the record.  A Party or non-Party may also make such designation

13   in writing to the court reporter if the designations are made within ten (10)

14   business days after the transcript has been made available to the Party or non-Party

15   making the designations, and notice of such designations is sent to all Counsel of

16   Record.  All deposition testimony and exhibits are to be treated as Confidential

17   Information unless and until: (1) any Party or non-Party designates any portion

18   thereof as Confidential Information; or (2) the ten (10) business day designation

19   period expires, whichever occurs first.  With respect to any depositions that take

20   place before both parties have executed this Protective Order, such designations

21   shall be made no later than fifteen (15) business days after both parties execute this

22   Protective Order, and the designated material shall be treated as Confidential

23   Information in accordance with the terms of this Protective Order, pending entry of

24   the Order approving this Protective Order.   At the Designator's expense, the

25   reporter shall then separately transcribe those portions of the testimony so

26   designated and shall mark the face of the transcript with the words

27   "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," and seal it in a

28   separate envelope.  Whenever any Confidential Information is identified as an

1   exhibit in connection with testimony given in any deposition proceeding in this

2   Action, it shall be so marked, if it has not previously been marked, and

3   appropriately sealed.  Only persons who have executed the agreement attached

4   hereto as Exhibit A and those persons designated in clauses 6.i, 6.ii, 6.iii, 6.v, 6.vi,

5   and 6.viii of Paragraph 6, shall be entitled to obtain copies of that portion of the

6   transcript and/or exhibit.  A copy of this Protective Order shall be identified and

7   marked as an exhibit to any such transcript, and all persons who have actual notice

8   of this Protective Order shall be bound by its terms.

9          10.    All Parties, their Counsel, and all persons designated in Paragraph 6,

10  above, who obtain Confidential Information shall take all necessary and

11  appropriate measures to maintain the confidentiality of the Confidential

12  Information, shall disclose such information only to persons authorized to receive

13  it under this Protective Order, and shall retain such information in a secure manner.

14         11.    Whenever Confidential Information is to be referred to or disclosed in

15  a hearing or trial proceeding, any Party or non-Party may move in accordance with

16  the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or this

17  Protective Order that the Court exclude from the room those persons who are not

18  authorized to receive Confidential Information under this Protective Order.  In

19  addition, any Party or non-Party may move the Court to designate any testimony

20  which constitutes Confidential Information given in such hearing or trial

21  proceeding as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," and

22  to require the reporter to separately transcribe those portions of the testimony,

23  mark the face of the transcript with the words "CONFIDENTIAL - SUBJECT TO

24  PROTECTIVE ORDER," and seal it in a separate envelope.  Whenever any

25  document which constitutes Confidential Information and is designated as

26  "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or

27  "CONFIDENTIAL BUSINESS INFORMATION " is identified as an exhibit in

28  connection with testimony given in any hearing or trial proceeding in this Action,

1   any Party or non-Party may move that it be so marked if it has not previously been

2   marked and appropriately sealed.  Where the Receiving Party does not object

3   pursuant to Paragraph 13, or where the Court rules that such material is entitled to

4   protection from disclosure under the Federal Rules of Civil Procedure, Federal

5   Rules of Evidence, or other applicable law, only persons who have executed the

6   agreement attached hereto as Exhibit A and those persons designated in clauses 6.i,

7   6.ii, 6.iii, 6.v, 6.vi, and 6.viii of Paragraph 6, shall be entitled to obtain copies of

8   that portion of the transcript and/or exhibit.  A copy of this Protective Order shall

9   be identified and marked as an exhibit to any such transcript, and all persons who

10  have actual notice of this Protective Order shall be bound by its terms.

11          12.    Other than a non-Party designated in Paragraph 6 who seeks

12  disclosure of Confidential Information under this Protective Order, should any

13  non-Party seek disclosure of Confidential Information from the United States or

14  CEMEX by way of subpoena, bona fide discovery request, request pursuant to the

15  Freedom of Information Act ("Discovery Request"), or otherwise, the United

16  States or CEMEX shall, by hand delivery, facsimile or e-mail transmission, send

17  that portion of the Discovery Request relating to the request for Confidential

18  Information to the Counsel for the Designator promptly upon concluding that such

19  Discovery Request may call for the production of Confidential Information.

20  (Notice shall also be given to Counsel for the Parties if the Designator is a non-

21  Party.)  Unless the Designator responds in writing that it does not object to release

22  of its information to the non-Party, the United States or CEMEX will inform the

23  non-Party that the information requested is Confidential Information protected by

24  this Order and that the non-Party will have to seek an appropriate ruling from the

25  Court or a confidentiality determination under 40 C.F.R. Part 2, Subpart B.

26  Notwithstanding any action or omission of any Party or non-Party related in any

27  way to this litigation or enforcement action, including express waivers of

28  confidentiality, the Parties reserve the right to assert that no waiver of

1  confidentiality has occurred for any other purpose, including for determinations

2  made under 40 C.F.R. Part 2, Subpart B.

3       13.    Any Party may at any time notify a Party or non-Party asserting a

4  claim of confidentiality, in writing, or in the case of a deposition, either upon the

5  record of a deposition or in writing later, of the Party's objection to the designation

6  of any information, documents, or testimony as confidential, including the basis for

7  its objection and reference to the specific bates numbers for documents or specific

8  page numbers for deposition testimony.  In that event, the objecting Party will

9  continue to treat such Confidential Information in accordance with this Protective

10  Order for ten (10) business days, during which time the Designator may serve a

11  letter on the objecting Party, by email, facsimile, or hand delivery requesting a pre-

12  filing conference of counsel pursuant to Local Rule 37-1.  If a written request for a

13  pre-filing conference of counsel is not served on the objecting Party within ten (10)

14  business days of service of the objecting Party's challenge, the objecting Party

15  shall no longer be obligated to treat the documents, testimony or information as

16  Confidential Information in accordance with this Protective Order.  If a written

17  request for a pre-filing conference of counsel is served within ten (10) business

18  days, the objecting Party will continue to treat such information in accordance with

19  the provisions of this Protective Order through the date of the pre-filing conference

20  of counsel, which per the terms of Local Rule 37-1 shall take place within ten (10)

21  calendar days of service of the Designator's letter.   If the challenge cannot be

22  expeditiously and informally resolved during the pre-filing conference of counsel,

23  the objecting Party will continue to treat such Confidential Information in

24  accordance with this Protective Order for fifteen (15) calendar days, during which

25  time the Designator may start the process for moving for a protective order by

26  providing counsel for the objecting Party the Designator's portion of a written

27  stipulation, as set forth in Local Rule 37-2.2.  If the Designator's portion of a

28  written stipulation is not received by the objecting Party within fifteen (15)

1  calendar days of the pre-filing conference of counsel, the objecting Party shall no

2  longer be obligated to treat the documents, testimony or information in accordance

3  with this Protective Order.  If the Designator's portion of a written stipulation is

4  received by the objecting Party within fifteen (15) calendar days, the objecting

5  Party will continue to treat such information as Confidential Information in

6  accordance with the provisions of this Protective Order while the Parties follow the

7  process for discovery motions set forth in Local Rule 37, and until a motion for a

8  protective order filed pursuant to that Local Rule is ruled upon or withdrawn.  The

9  Designator shall have the burden of proof to establish that the designated material

10  constitutes Confidential Information pursuant to Fed. R. Civ. P. 26(c)(1), 40 C.F.R.

11  Part 2, Subpart B, 18 U.S.C. § 1905, or any other statute, regulation, applicable

12  court order or rule, or common law rule restricting disclosure, is in fact

13  confidential and is entitled to confidential treatment.

14        No Party in this Action shall be obliged to challenge the propriety of the

15  designation of any Confidential Information.  Failure to bring such challenge shall

16  not preclude any subsequent objection to the designation and shall not preclude

17  any motion to seek permission from the Designator or the Court to disclose such

18  Confidential Information to persons other than those listed in Paragraph 6.

19  Nothing herein shall affect either Party's right to seek modification of this

20  Protective Order.

21        14.   Inadvertent or unintentional disclosure of Confidential Information

22  shall not be deemed a waiver in whole or in part of a Party's or non-Party's claim

23  of confidentiality with respect to the information so disclosed.  A Party or other

24  person making such inadvertent disclosure must give prompt notification, in

25  writing, to the Parties when such inadvertent disclosure is discovered.  Upon

26  receiving written notice that Confidential Information has been inadvertently

27  produced, all such information, and all copies in its possession, shall be marked by

28  the Party or non-Party receiving the Confidential Information as

11

1    "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and shall be subject

2    to this Protective Order.  Disclosure by a Party of the document or information

3    prior to receipt of written notice that Confidential Information has been

4    inadvertently produced by the Designator shall not be deemed a violation of the

5    provisions of this Protective Order, but all reasonable steps shall be taken by the

6    Parties to protect such inadvertently disclosed information after notification is

7    received from the Designator in accordance with this Protective Order, including

8    use of best efforts to obtain and retain executed copies of the agreement attached as

9    Exhibit A from any unauthorized recipients of Confidential Information.

        Subject to approval by the District Court.

10        15.    Throughout and after the conclusion of this Action, including any

11   appeals, the restrictions on communication and disclosure provided for herein shall

12   continue to be binding upon the Parties and all other persons to whom Confidential

13   Information has been communicated or disclosed pursuant to the provisions of this

14   Protective Order or any other order of this Court.

15        16.    Nothing in this Protective Order shall prevent any Party from seeking

16   amendments broadening or restricting the rights of access to, or the use of,

17   Confidential Information, or otherwise modifying this Protective Order.  This

18   Protective Order may be amended by the agreement of Counsel for the Parties in

19   the form of a filed stipulation, subject to approval of such amendments by the

20   Court.

21        17.    This Protective Order is designed to facilitate the disclosure of

22   documents in this Action that a Party or non-Party considers to be "Confidential

23   Information."  It does not constitute a determination that documents or information

24   so designated are "Confidential Information."  Nothing in this Order shall

25   prejudice in any way the right of any Party to challenge the designation or to seek a

26   court determination or a determination pursuant to 40 C.F.R. Part 2, Subpart B of

27   whether particular documents, information or testimony are Confidential

28   Information that should remain subject to the terms of this Protective Order.  Any

1    Party may request that the Court modify or otherwise grant relief from any

2    provision of this Order.

3         18.    Nothing in this Protective Order requires such motion or supporting

4    memoranda to be filed under seal, except those portions that refer to or contain

5    information that has been designated as Confidential Information.  In the event that

6    a Party files a motion or other filing that relies on or contains Confidential

7    Information ("Filing Party"), the Filing Party must lodge the portions of the

8    motion, supporting memorandum, or exhibits that refer to or contain information

9    that has been designated as Confidential Information under seal together with an

10   application directed to the judge to whom the papers are directed to have those

11   portions of the document filed under seal in accordance with Local Rule 79-5.  The

12   Local Rule 79-5 application must at a minimum state that:  (1) the document has

13   been designated as Confidential Information pursuant to this Protective Order; and

14   (2) the Designating Party has seven (7) calendar days thereafter (or twenty-one

15   (21) calendar days, if the filing was a motion for summary judgment) to file further

16   support to keep the document filed under seal.  The Designating Party shall have

17   seven (7) calendar days following service of the Local Rule 79-5 application to file

18   further support for the Local Rule 79-5 application, including a redacted version of

19   the document at issue in the application if the Designating Party will agree to the

20   publication of portions of this document that do not contain Confidential

21   Information, except that if such filing is in support of or in opposition to a motion

22   for summary judgment, then the Designator shall have twenty-one (21) calendar

23   days following service of the Local Rule 79-5 application to file such support. If

24   service is made other than by hand or e-mail, then three (3) additional business

25   days shall be added to the time for the Designator to respond.  A Party who wishes

26   to file a document designated as Confidential Information, but not have it sealed,

27   must comply with the process set forth in paragraph 13, and have the Court reach a

28   ruling, before it may file any material designated as Confidential Information

1  without filing it under seal.

2      19.   Nothing in this Protective Order shall limit or affect the right of a

3  Designator to disclose, to authorize disclosure of, or to use in any way, its own

4  Confidential Information.

5      20.   Nothing in this Protective Order shall limit or affect the right of the

6  United States to make a confidentiality determination under 40 C.F.R. Part 2,

7  Subpart B for information designated as confidential by CEMEX or any non-Party,

8  other than the Receiving Party's obligations under Paragraph 12 to promptly notify

9  the Designating Party that a non-Party, other than a non-Party designated in

10  Paragraph 6 who seeks disclosure of Confidential Information under this Protective

11  Order, may be seeking disclosure of the Designating Party's Confidential

12  Information.

13      21.   Unless otherwise ordered or agreed in writing by the Designating *by the District Court* */L*

14  Party, within 120 calendar days after the final termination of this action, i.e., after

15  there is a formal judgment no longer subject to appeal, each Party must return or

16  provide written certification of destruction of all Confidential Information to the

17  Designating Party, except that the United States shall retain Confidential

18  Information as may be necessary to comply with applicable law (including, but not

19  limited to, the Federal Records Act and FOIA).   Notwithstanding this provision,

20  Counsel are entitled to retain an archival copy of all pleadings, motion papers,

21  transcripts, legal memoranda, trial exhibits, correspondence or attorney work

22  product, even if such materials contained Confidential Information.  If any Party

23  retains Confidential Information following the conclusion of this Action, it shall

24  continue to be subject to this Protective Order so long as it retains such

25  Confidential Information.

26      22.   Counsel for the Parties shall use their best efforts to ensure that the

27  provisions of this Protective Order are adhered to by the Party they represent and

28  by those acting on its behalf.

1      IT IS SO ORDERED this _____14th_____ day of ___April___, 2008.

2

3

4      The Honorable John C. Rayburn, Jr.

5      United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION
(CASE NO. EDCV 07-00223-GW (JCRx))

1

2          Respectfully submitted,

3

4

      FOR THE UNITED STATES
5
                                    RONALD J. TENPAS
6                                   Assistant Attorney General
                                    Environment & Natural Resources
7                                   Division

8                                   _____
                                    CHRISTY KING
9                                   KATE KONSCHNIK
                                    Environmental Enforcement Section
10                                  U.S. Department of Justice
                                    P.O. Box 7611
11                                  Washington, DC  20044

12
                                    THOMAS O'BRIEN
13                                  United States Attorney for the
                                    Central District of California
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION
(CASE NO. EDCV 07-00223-GW (JCRx))

1

2    FOR CEMEX CALIFORNIA CEMENT, LLC

3

4                          Steven P. Rice
                           CROWELL & MORING LLP
5                          3 PARK Plaza, 20th Floor
                           Irvine, CA  92614
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION
(CASE NO. EDCV 07-00223-GW (JCRx))

1                            EXHIBIT A

2              **UNITED STATES DISTRICT COURT**

3        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

4                    **WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. ED CV 07-00223-GW (JCRx) |
| Plaintiff, | ) | |
| v. | ) | **CONFIDENTIALITY AGREEMENT** |
| CEMEX CALIFORNIA CEMENT, LLC, | ) | |
| Defendant. | ) | |
| _____ | ) | |

CONFIDENTIALITY AGREEMENT PURSUANT

TO PROTECTIVE ORDER

      The undersigned, _____, hereby acknowledges that I have received a copy of the Protective Order Regarding Confidential Information entered or to be entered in this Action, to which this Agreement was attached as Exhibit A, have read it, and agree to be bound to the terms of the Protective Order, and any amendments thereto as if fully set forth herein, including, without limitation, that I shall not use Confidential Information or any copy, excerpt, or summary thereof, or the information contained therein, for any purpose not permitted by the Protective Order; that I shall return to counsel supplying me with said Confidential Information, at the earlier of the end of my involvement or the conclusion of this Action, including any appeals therein, all copies of such Confidential Information that has been provided to me, including all notes, abstracts, summaries and excerpts prepared from Confidential Information that have not previously been destroyed by me and certify to such Counsel that all Confidential Information in my possession has been returned to such Counsel or destroyed; that I shall not make any copies of Confidential Information for any

1 purpose not permitted by the Protective Order; and that I shall not provide

2 Confidential Information to anyone else who has not executed this Agreement or

3 who, pursuant to paragraph 6 of the Protective Order is not entitled to receive

4 Confidential Information without executing this Agreement.  I further understand

5 that I shall remain bound by the Protective Order after the conclusion of this

6 Action unless otherwise ordered by the Court.  I understand that violation of this

7 Protective Order may constitute contempt of a Court Order.

8

9 DATED                          _____

10                                  SIGNATURE

11                                  _____

12                                  PRINTED NAME

13                                  ADDRESS:

14

15

16

17 DC4889599

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION
(CASE NO. EDCV 07-00223-GW (JCRx))