RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

KATHERINE KONSCHNIK
Kate.Konschnik@usdoj.gov
California Bar No. 223673
MARK SABATH
Mark.Sabath@usdoj.gov
Massachusetts Bar No. 659551
JAMES BEERS, JR.
James.Beers@usdoj.gov
District of Columbia Bar No. 488960
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044
Telephone: (202) 305-0312
Facsimile: (202) 514-2583

(See next page for additional counsel)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. ED CV 07-00223-GW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **STIPULATED PROTECTIVE** |
| ) | **ORDER REGARDING** |
| CEMEX CALIFORNIA CEMENT, LLC, ) | **CONFIDENTIAL** |
| ) | **INFORMATION** |
| Defendant. ) | |
| ) | |

/ / /

/ / /

| | |
|---|---|
| 1 | / / / |
| 2 | / / / |
| 3 | / / / |
| 4 | / / / |
| 5 | THOMAS P. O'BRIEN |
|   | United District of California |
| 6 | MONICA L. MILLER |
|   | California Bar No.  157695 |
| 7 | E-mail:  Monica.Miller@usdoj.gov |
|   | Assistant United States Attorney |
| 8 | 300 North Los Angeles Street |
|   | Room 7516 |
| 9 | Los Angeles, CA 90012 |
|   | Telephone:  (213) 894-4061 |
| 10 | Facsimile:  (213) 894-7819 |
| 11 | Attorneys for the United States of America |
| 12 | |
| 13 | STEVEN P. RICE (CA Bar No. 094321) |
|   | srice@crowell.com |
|   | JULIE A. HARRIS (CA Bar No. 238672) |
| 14 | julieharris@crowell.com |
|   | DEREK A. HAHN (CA Bar No. 238670) |
| 15 | dhahn@crowell.com |
|   | CROWELL & MORING LLP |
| 16 | 3 Park Plaza, 20th Floor |
|   | Irvine, CA 92614-8505 |
| 17 | Telephone:  (949) 263-8400 |
|   | Facsimile:   (949) 263-8414 |
| 18 | |
| 19 | CHET M. THOMPSON (Admitted *pro hac vice*) |
|   | cthompson@crowell.com |
|   | CROWELL & MORING LLP |
| 20 | 1001 Pennsylvania Ave, NW |
|   | Washington, DC 20004 |
| 21 | Telephone:  (202) 624-2500 |
|   | Facsimile:   (202) 628-5116 |
| 22 | |
|   | Attorneys for Defendant |
| 23 | CEMEX California Cement, LLC |
| 24 | |
| 25 | It is hereby Ordered that this Stipulated Protective Order Regarding |
| 26 | Confidential Information ("Protective Order") shall apply with respect to certain |
| 27 | documents and other information produced and/or disclosed in connection with the |
| 28 | above-captioned action (the "Action"). |

1.     Entry of this Protective Order is appropriate because CEMEX California Cement, LLC ("CEMEX") contends that information and documents relevant to the allegations and defenses in this matter contain sensitive business and other confidential and proprietary information.  This Protective Order is also appropriate to protect confidential and proprietary information that may be present in discovery sought from non-parties or the United States.  Under this Protective Order, the United States and CEMEX (hereinafter referred to collectively as "Parties") may seek documents and information from non-Parties that such non-Parties consider confidential, and the Parties intend for such non-Party confidential information to be disclosed under the terms of this Protective Order.

The terms of the Protective Order shall also apply to documents produced by the Parties or non-Parties that they consider confidential.

2.     The procedures described herein shall be adopted with respect to certain documents and other information produced and/or disclosed in this Action. Except to the extent required by law (including, but not limited to the Freedom of Information Act ("FOIA") and applicable federal agency regulations implementing FOIA), this Protective Order shall apply to all Discovery Material (as defined in Paragraph 3, below) that is "Confidential Information" (as defined in Paragraph 4, below) and that any Party or non-Party marks as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL BUSINESS INFORMATION" in accordance with this Protective Order.   A Party or non-Party making such designation in accordance with this Protective Order is hereinafter referred to as a "Designator" or a "Designating Party."  A Party or non-Party who receives any Confidential Information is hereinafter referred to as a "Receiving Party."

3.     For the purpose of this Protective Order, "Discovery Material" shall mean all documents (regardless of the medium or manner generated, stored, or maintained), deposition testimony, tangible things or other information produced,

1  subpoenaed, transcribed from depositions, or otherwise given to any Party in this
2  Action by another Party or by a non-Party in connection with discovery (whether
3  in the form of deposition transcripts, interrogatory answers, document productions,
4  responses to requests for admissions or other discovery).  Discovery Material shall
5  also include any documents, things or information produced voluntarily or by
6  agreement without the receipt of a formal discovery request.
7       4.    For purposes of this Protective Order, the term "Confidential
8  Information" means Discovery Material which is marked as "CONFIDENTIAL -
9  SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL BUSINESS
10  INFORMATION" in accordance with Paragraph 8 or 9, and which contains
11  confidential business or trade secret information entitled to confidential treatment
12  pursuant to Fed. R. Civ. P. 26(c)(1), 40 C.F.R. Part 2, Subpart B, 18 U.S.C. § 1905,
13  or any other statute, regulation, applicable court order or rule, or common law rule
14  restricting disclosure.  No Confidential Information or any copy, excerpt, or
15  summary thereof, or the information contained therein, shall be delivered or
16  disclosed to any person except as provided herein.
17       5.    If any non-Party receives a request or subpoena seeking documents or
18  tangible things and the requested documents or tangible things contain
19  Confidential Information, then the non-Party may designate such material as
20  confidential in accordance with Paragraph 8.  Non-Party Confidential Information
21  designated as such, or any copy, excerpt, or summary thereof, or the information
22  contained therein, shall be subject to all of the conditions and limitations set forth
23  in this Protective Order.  Any non-Party that desires to protect its claim of
24  confidentiality by adhering to these procedures submits to the jurisdiction of this
25  Court with regard to any proceedings related to the non-Party's claim of
26  confidentiality and bears the burden of establishing its claim to confidentiality in
27  such proceedings.
28       6.    No Confidential Information, or any copy, excerpts or summary

1  thereof, or the information contained therein, shall (a) be used for any business,
2  commercial, competitive, personal, or other non-regulatory or non-enforcement
3  purposes; or (b) be disclosed by the person receiving it to any other person without
4  the prior written consent of the Designator or an order of the Court, except to the
5  following:
6    i.   Counsel for the Parties;
7    ii.  Counsel's employees;
8    iii. Parties and employees of the Parties;
9    iv.  Litigation consultants and contractors, and persons designated as
10 expert witnesses;
11   v.   This Court and its employees, including, without limitation, court
12 reporters, employees in the Clerk's Office, and law clerks, provided that the
13 Confidential Information is filed in accordance with the terms of this Protective
14 Order;
15   vi.  Stenographers, videographers, or other persons preparing transcripts
16 of testimony;
17   vii. Witnesses or potential witnesses not otherwise included under clause
18 6.iii; and
19   viii. Temporary and permanent law clerks, non-employee paralegals and
20 clerical personnel retained by Counsel for either Party, and outside vendors,
21 including their employees, retained by Counsel for either Party to provide copying,
22 data entry, data processing, or computer imaging, and similar clerical support
23 services, provided that each person in this subparagraph is otherwise legally bound
24 to treat the Confidential Information with a level of confidentiality that is
25 substantially similar to that required under this Protective Order.
26   7.   With the exception of those persons designated in clauses 6.i, 6.ii,
27 6.iii, 6.v, 6.vi, and 6.viii of Paragraph 6, no Confidential Information, or any copy,
28 excerpt, or summary thereof, or the information contained therein, received from a

1  Party or non-Party, shall be disclosed to any person unless (a) such person has been
2  provided with a copy of this Protective Order, and (b) such person has agreed to be
3  bound thereto and executed the agreement attached hereto as Exhibit A.
4        Persons indicated on the face of Confidential Information as having been the
5  authors or recipients of such documents need not execute Exhibit A before being
6  provided access to such information.  Counsel for each Party shall obtain and
7  retain executed copies of the agreements attached as Exhibit A from each person,
8  other than persons designated in clauses 6.i, 6.ii, 6.iii, 6.v, 6.vi, and 6.viii of
9  Paragraph 6, to whom it discloses or has disclosed any Confidential Information
10 other than its own Confidential Information.
11       With respect to any Discovery Material designated as Confidential
12 Information by a Party prior to the execution and issuance of this Protective Order
13 by the Court, each Party shall be obligated to follow the provisions of this
14 Protective Order with respect to such Confidential Information, including
15 obtaining and retaining executed copies of the agreements attached as Exhibit A
16 from each person, other than persons designated in clauses 6.i, 6.ii, 6.iii, 6.v, 6.vi,
17 and 6.viii of Paragraph 6, to whom it disclosed any Confidential Information other
18 than its own Confidential Information.
19       If any Party:  (1) has disclosed or is aware of any disclosure of Confidential
20 Information to any person not listed in Paragraph 6; or (2) is unable to obtain an
21 executed copy of Exhibit A from any person to whom it disclosed Confidential
22 Information prior to the execution and issuance of this Protective Order by the
23 Court, other than persons designated in clauses 6.i, 6.ii, 6.iii, 6.v, 6.vi, and 6.viii of
24 Paragraph 6, such Party shall immediately:  (1) notify the Designator in writing of
25 such disclosure; (2) use their best efforts to recover any Confidential Information
26 provided to such person; and (3) continue to use their best efforts to obtain and
27 retain executed copies of the agreements attached as Exhibit A.
28     8.    Any Discovery Material considered by a Party or non-Party to be

confidential or to contain Confidential Information shall be marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL BUSINESS INFORMATION" in a readily visible or noticeable manner. In the case of documents, interrogatory responses, and responses to requests for admission, Confidential Information shall be designated by a stamp or designation on each such document or response prior to production or service. Any Party photocopying or otherwise duplicating Confidential Business Information shall ensure that the "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL BUSINESS INFORMATION" designation appears clearly on any such copies or duplicates it makes.

9. Whenever Confidential Information is to be referred to or disclosed in a deposition, any Party or non-Party may exclude from the room during such testimony any person who is not authorized to receive Confidential Information under this Protective Order. Any testimony given in any deposition which constitutes Confidential Information may be designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by any Party or non Party by making such designation on the record. A Party or non-Party may also make such designation in writing to the court reporter if the designations are made within ten (10) business days after the transcript has been made available to the Party or non-Party making the designations, and notice of such designations is sent to all Counsel of Record. All deposition testimony and exhibits are to be treated as Confidential Information unless and until: (1) any Party or non-Party designates any portion thereof as Confidential Information; or (2) the ten (10) business day designation period expires, whichever occurs first. With respect to any depositions that take place before both parties have executed this Protective Order, such designations shall be made no later than fifteen (15) business days after both parties execute this Protective Order, and the designated material shall be treated as Confidential Information in accordance with the terms of this Protective Order, pending entry of

1  the Order approving this Protective Order.  At the Designator's expense, the
2  reporter shall then separately transcribe those portions of the testimony so
3  designated and shall mark the face of the transcript with the words
4  "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," and seal it in a
5  separate envelope.  Whenever any Confidential Information is identified as an
6  exhibit in connection with testimony given in any deposition proceeding in this
7  Action, it shall be so marked, if it has not previously been marked, and
8  appropriately sealed.  Only persons who have executed the agreement attached
9  hereto as Exhibit A and those persons designated in clauses 6.i, 6.ii, 6.iii, 6.v, 6.vi,
10  and 6.viii of Paragraph 6, shall be entitled to obtain copies of that portion of the
11  transcript and/or exhibit.  A copy of this Protective Order shall be identified and
12  marked as an exhibit to any such transcript, and all persons who have actual notice
13  of this Protective Order shall be bound by its terms.
14         10.    All Parties, their Counsel, and all persons designated in Paragraph 6,
15  above, who obtain Confidential Information shall take all necessary and
16  appropriate measures to maintain the confidentiality of the Confidential
17  Information, shall disclose such information only to persons authorized to receive
18  it under this Protective Order, and shall retain such information in a secure manner.
19         11.    Whenever Confidential Information is to be referred to or disclosed in
20  a hearing or trial proceeding, any Party or non-Party may move in accordance with
21  the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or this
22  Protective Order that the Court exclude from the room those persons who are not
23  authorized to receive Confidential Information under this Protective Order.  In
24  addition, any Party or non-Party may move the Court to designate any testimony
25  which constitutes Confidential Information given in such hearing or trial
26  proceeding as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," and
27  to require the reporter to separately transcribe those portions of the testimony,
28  mark the face of the transcript with the words "CONFIDENTIAL - SUBJECT TO

1  PROTECTIVE ORDER," and seal it in a separate envelope.  Whenever any
2  document which constitutes Confidential Information and is designated as
3  "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or
4  "CONFIDENTIAL BUSINESS INFORMATION " is identified as an exhibit in
5  connection with testimony given in any hearing or trial proceeding in this Action,
6  any Party or non-Party may move that it be so marked if it has not previously been
7  marked and appropriately sealed.  Where the Receiving Party does not object
8  pursuant to Paragraph 13, or where the Court rules that such material is entitled to
9  protection from disclosure under the Federal Rules of Civil Procedure, Federal
10 Rules of Evidence, or other applicable law, only persons who have executed the
11 agreement attached hereto as Exhibit A and those persons designated in clauses 6.i,
12 6.ii, 6.iii, 6.v, 6.vi, and 6.viii of Paragraph 6, shall be entitled to obtain copies of
13 that portion of the transcript and/or exhibit.  A copy of this Protective Order shall
14 be identified and marked as an exhibit to any such transcript, and all persons who
15 have actual notice of this Protective Order shall be bound by its terms.
16         12.    Other than a non-Party designated in Paragraph 6 who seeks
17 disclosure of Confidential Information under this Protective Order, should any
18 non-Party seek disclosure of Confidential Information from the United States or
19 CEMEX by way of subpoena, bona fide discovery request, request pursuant to the
20 Freedom of Information Act ("Discovery Request"), or otherwise, the United
21 States or CEMEX shall, by hand delivery, facsimile or e-mail transmission, send
22 that portion of the Discovery Request relating to the request for Confidential
23 Information to the Counsel for the Designator promptly upon concluding that such
24 Discovery Request may call for the production of Confidential Information.
25 (Notice shall also be given to Counsel for the Parties if the Designator is a non-
26 Party.)  Unless the Designator responds in writing that it does not object to release
27 of its information to the non-Party, the United States or CEMEX will inform the
28 non-Party that the information requested is Confidential Information protected by

1  this Order and that the non-Party will have to seek an appropriate ruling from the
2  Court or a confidentiality determination under 40 C.F.R. Part 2, Subpart B.
3  Notwithstanding any action or omission of any Party or non-Party related in any
4  way to this litigation or enforcement action, including express waivers of
5  confidentiality, the Parties reserve the right to assert that no waiver of
6  confidentiality has occurred for any other purpose, including for determinations
7  made under 40 C.F.R. Part 2, Subpart B.
8        13.    Any Party may at any time notify a Party or non-Party asserting a
9  claim of confidentiality, in writing, or in the case of a deposition, either upon the
10 record of a deposition or in writing later, of the Party's objection to the designation
11 of any information, documents, or testimony as confidential, including the basis for
12 its objection and reference to the specific bates numbers for documents or specific
13 page numbers for deposition testimony.  In that event, the objecting Party will
14 continue to treat such Confidential Information in accordance with this Protective
15 Order for ten (10) business days, during which time the Designator may serve a
16 letter on the objecting Party, by email, facsimile, or hand delivery requesting a pre-
17 filing conference of counsel pursuant to Local Rule 37-1.  If a written request for a
18 pre-filing conference of counsel is not served on the objecting Party within ten (10)
19 business days of service of the objecting Party's challenge, the objecting Party
20 shall no longer be obligated to treat the documents, testimony or information as
21 Confidential Information in accordance with this Protective Order.  If a written
22 request for a pre-filing conference of counsel is served within ten (10) business
23 days, the objecting Party will continue to treat such information in accordance with
24 the provisions of this Protective Order through the date of the pre-filing conference
25 of counsel, which per the terms of Local Rule 37-1 shall take place within ten (10)
26 calendar days of service of the Designator's letter.   If the challenge cannot be
27 expeditiously and informally resolved during the pre-filing conference of counsel,
28 the objecting Party will continue to treat such Confidential Information in

1   accordance with this Protective Order for fifteen (15) calendar days, during which
2   time the Designator may start the process for moving for a protective order by
3   providing counsel for the objecting Party the Designator's portion of a written
4   stipulation, as set forth in Local Rule 37-2.2.  If the Designator's portion of a
5   written stipulation is not received by the objecting Party within fifteen (15)
6   calendar days of the pre-filing conference of counsel, the objecting Party shall no
7   longer be obligated to treat the documents, testimony or information in accordance
8   with this Protective Order.  If the Designator's portion of a written stipulation is
9   received by the objecting Party within fifteen (15) calendar days, the objecting
10  Party will continue to treat such information as Confidential Information in
11  accordance with the provisions of this Protective Order while the Parties follow the
12  process for discovery motions set forth in Local Rule 37, and until a motion for a
13  protective order filed pursuant to that Local Rule is ruled upon or withdrawn.  The
14  Designator shall have the burden of proof to establish that the designated material
15  constitutes Confidential Information pursuant to Fed. R. Civ. P. 26(c)(1), 40 C.F.R.
16  Part 2, Subpart B, 18 U.S.C. § 1905, or any other statute, regulation, applicable
17  court order or rule, or common law rule restricting disclosure, is in fact
18  confidential and is entitled to confidential treatment.
19        No Party in this Action shall be obliged to challenge the propriety of the
20  designation of any Confidential Information.  Failure to bring such challenge shall
21  not preclude any subsequent objection to the designation and shall not preclude
22  any motion to seek permission from the Designator or the Court to disclose such
23  Confidential Information to persons other than those listed in Paragraph 6.
24  Nothing herein shall affect either Party's right to seek modification of this
25  Protective Order.
26        14.    Inadvertent or unintentional disclosure of Confidential Information
27  shall not be deemed a waiver in whole or in part of a Party's or non-Party's claim
28  of confidentiality with respect to the information so disclosed.  A Party or other

person making such inadvertent disclosure must give prompt notification, in writing, to the Parties when such inadvertent disclosure is discovered.  Upon receiving written notice that Confidential Information has been inadvertently produced, all such information, and all copies in its possession, shall be marked by the Party or non-Party receiving the Confidential Information as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and shall be subject to this Protective Order.  Disclosure by a Party of the document or information prior to receipt of written notice that Confidential Information has been inadvertently produced by the Designator shall not be deemed a violation of the provisions of this Protective Order, but all reasonable steps shall be taken by the Parties to protect such inadvertently disclosed information after notification is received from the Designator in accordance with this Protective Order, including use of best efforts to obtain and retain executed copies of the agreement attached as Exhibit A from any unauthorized recipients of Confidential Information.

15. Throughout and after the conclusion of this Action, including any appeals, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the Parties and all other persons to whom Confidential Information has been communicated or disclosed pursuant to the provisions of this Protective Order or any other order of this Court.

16. Nothing in this Protective Order shall prevent any Party from seeking amendments broadening or restricting the rights of access to, or the use of, Confidential Information, or otherwise modifying this Protective Order.  This Protective Order may be amended by the agreement of Counsel for the Parties in the form of a filed stipulation, subject to approval of such amendments by the Court.

17. This Protective Order is designed to facilitate the disclosure of documents in this Action that a Party or non-Party considers to be "Confidential Information."  It does not constitute a determination that documents or information

1   so designated are "Confidential Information."  Nothing in this Order shall
2   prejudice in any way the right of any Party to challenge the designation or to seek a
3   court determination or a determination pursuant to 40 C.F.R. Part 2, Subpart B of
4   whether particular documents, information or testimony are Confidential
5   Information that should remain subject to the terms of this Protective Order.  Any
6   Party may request that the Court modify or otherwise grant relief from any
7   provision of this Order.
8         18.   Nothing in this Protective Order requires such motion or supporting
9   memoranda to be filed under seal, except those portions that refer to or contain
10  information that has been designated as Confidential Information.  In the event that
11  a Party files a motion or other filing that relies on or contains Confidential
12  Information ("Filing Party"), the Filing Party must lodge the portions of the
13  motion, supporting memorandum, or exhibits that refer to or contain information
14  that has been designated as Confidential Information under seal together with an
15  application directed to the judge to whom the papers are directed to have those
16  portions of the document filed under seal in accordance with Local Rule 79-5.  The
17  Local Rule 79-5 application must at a minimum state that:  (1) the document has
18  been designated as Confidential Information pursuant to this Protective Order; and
19  (2) the Designating Party has seven (7) calendar days thereafter (or twenty-one
20  (21) calendar days, if the filing was a motion for summary judgment) to file further
21  support to keep the document filed under seal.  The Designating Party shall have
22  seven (7) calendar days following service of the Local Rule 79-5 application to file
23  further support for the Local Rule 79-5 application, including a redacted version of
24  the document at issue in the application if the Designating Party will agree to the
25  publication of portions of this document that do not contain Confidential
26  Information, except that if such filing is in support of or in opposition to a motion
27  for summary judgment, then the Designator shall have twenty-one (21) calendar
28  days following service of the Local Rule 79-5 application to file such support. If

1  service is made other than by hand or e-mail, then three (3) additional business
2  days shall be added to the time for the Designator to respond.  A Party who wishes
3  to file a document designated as Confidential Information, but not have it sealed,
4  must comply with the process set forth in paragraph 13, and have the Court reach a
5  ruling, before it may file any material designated as Confidential Information
6  without filing it under seal.
7       19.  Nothing in this Protective Order shall limit or affect the right of a
8  Designator to disclose, to authorize disclosure of, or to use in any way, its own
9  Confidential Information.
10      20.  Nothing in this Protective Order shall limit or affect the right of the
11 United States to make a confidentiality determination under 40 C.F.R. Part 2,
12 Subpart B for information designated as confidential by CEMEX or any non-Party,
13 other than the Receiving Party's obligations under Paragraph 12 to promptly notify
14 the Designating Party that a non-Party, other than a non-Party designated in
15 Paragraph 6 who seeks disclosure of Confidential Information under this Protective
16 Order, may be seeking disclosure of the Designating Party's Confidential
17 Information.
18      21.  Unless otherwise ordered or agreed in writing by the Designating
19 Party, within 120 calendar days after the final termination of this action, i.e., after
20 there is a formal judgment no longer subject to appeal, each Party must return or
21 provide written certification of destruction of all Confidential Information to the
22 Designating Party, except that the United States shall retain Confidential
23 Information as may be necessary to comply with applicable law (including, but not
24 limited to, the Federal Records Act and FOIA).  Notwithstanding this provision,
25 Counsel are entitled to retain an archival copy of all pleadings, motion papers,
26 transcripts, legal memoranda, trial exhibits, correspondence or attorney work
27 product, even if such materials contained Confidential Information.  If any Party
28 retains Confidential Information following the conclusion of this Action, it shall

1 | continue to be subject to this Protective Order so long as it retains such
2 | Confidential Information.
3 | / / /
4 | / / /
5 |     Counsel for the Parties shall use their best efforts to ensure that the
6 | provisions of this Protective Order are adhered to by the Party they represent and
7 | by those acting on its behalf.
8 |
9 |
10 |     IT IS SO ORDERED this 4th day of June, 2008.
11 |
12 | _____
13 | The Honorable George H. Wu
14 |
...
28 |

Respectfully submitted,

FOR THE UNITED STATES

RONALD J. TENPAS  
Assistant Attorney General  
Environment & Natural Resources Division

_____  
KATE KONSCHNIK  
MARK SABATH  
JAMES BEERS, JR.  
Environmental Enforcement Section  
U.S. Department of Justice  
P.O. Box 7611  
Washington, DC 20044

THOMAS O'BRIEN  
United States Attorney for the  
Central District of California

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION  
(CASE NO. EDCV 07-00223-GW)

FOR CEMEX CALIFORNIA CEMENT, LLC

_____
Julie A. Harris
CROWELL & MORING LLP
3 PARK Plaza, 20th Floor
Irvine, CA  92614

EXHIBIT A

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. ED CV 07-00223-GW |
| Plaintiff, ) | **CONFIDENTIALITY AGREEMENT** |
| v. ) | |
| CEMEX CALIFORNIA CEMENT, LLC, ) | |
| Defendant. ) | |

CONFIDENTIALITY AGREEMENT PURSUANT

TO PROTECTIVE ORDER

The undersigned, _____, hereby acknowledges that I have received a copy of the Protective Order Regarding Confidential Information entered or to be entered in this Action, to which this Agreement was attached as Exhibit A, have read it, and agree to be bound to the terms of the Protective Order, and any amendments thereto as if fully set forth herein, including, without limitation, that I shall not use Confidential Information or any copy, excerpt, or summary thereof, or the information contained therein, for any purpose not permitted by the Protective Order; that I shall return to counsel supplying me with said Confidential Information, at the earlier of the end of my involvement or the conclusion of this Action, including any appeals therein, all copies of such Confidential Information that has been provided to me, including all notes, abstracts, summaries and excerpts prepared from Confidential Information that have not previously been destroyed by me and certify to such Counsel that all Confidential Information in my possession has been returned to such Counsel or destroyed; that I shall not make any copies of Confidential Information for any

1  purpose not permitted by the Protective Order; and that I shall not provide
2  Confidential Information to anyone else who has not executed this Agreement or
3  who, pursuant to paragraph 6 of the Protective Order is not entitled to receive
4  Confidential Information without executing this Agreement.  I further understand
5  that I shall remain bound by the Protective Order after the conclusion of this
6  Action unless otherwise ordered by the Court.  I understand that violation of this
7  Protective Order may constitute contempt of a Court Order.

8

9  DATED

                                                SIGNATURE

                                                PRINTED NAME

                                                ADDRESS:

DC5864266